UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 3 2008

GREGORY C. LANGHAM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Colorado Instruments, Inc., d/b/a Solar World
    a corporation of Colorado

    Plaintiff,

v.

SolarWorld AG
    a corporation of The Federal
    Republic of Germany

SolarWorld California, Inc.
    a corporation of California

SolarWorld Industries America LP
    a limited partnership of Delaware

    Defendants.

Civil Action No. 1:08-cv-01230-RPM

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is HEREBY ORDERED that:

1. All documents and things produced by any one party to another in this litigation may bear an identification of the case, such as:

    Colorado Instruments, Inc. v. SolarWorld AG., et al.
    Civil Action 08-cv-01230 (D. Colo.)

This paragraph means that the documents can be identified collectively in this manner and does not require that each document be so identified.

2. All documents and things produced by any party shall be numbered using a prefix bearing the party's name or an abbreviation thereof, such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations, followed by identifying sequential numbers. The prefix should be used on a consistent basis and in a manner which makes clear the identity of the producing party.

3. Any party to this action, and any non party from whom discovery is sought in connection with this action, may designate as:

*"Confidential - Counsel's Eyes Only"*
or
*"Confidential"*

any documents, testimony, or other discovery material that contains Confidential Information and as more specifically defined in paragraphs 4 and 6 below. The markings "Confidential Information – Counsel's Eyes Only" and "Confidential" shall be prominently placed on the outside of the front page/cover of each document, including deposition transcript, and on each confidential page of a multi-page document. The marking shall be placed so as to not obscure any information on the document.

4. No designation of confidentiality shall be made unless the designating party or non party from whom discovery is sought believes in good faith that the designated material constitutes a trade secret such as confidential research, development, or commercial information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (herein, "Confidential Information"). Material designated as confidential information pursuant to this Order shall refer to any so designated document, testimony, or other discovery material and all copies thereof, and shall also refer to the information contained in such material. Confidential-Counsel's Eyes Only shall only be marked on confidential information, e.g., costs, profit margins and business plans, that the designating party believes in good faith is too sensitive to be disclosed to any employee of another party.

5. Until or unless the Court rules otherwise, material marked or otherwise designated as Confidential Information shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(i) Counsel for the respective parties, including their clerical, litigation support and paralegal employees. As used herein "Counsel" shall mean outside U.S. attorneys for the respective parties who have entered appearances in the case for their clients and outside legal counsel for the respective parties who have signed the attached Agreement to be bound by the Protective Order. For avoidance of doubt, Counsel does not include anyone who is an employee, officer or director of a party or has a permanent physical office in the facilities of a party.

(ii) Up to three employees, officers, directors or other persons affiliated with each party, provided that these persons have signed the attached Agreement to be bound by the Protective Order. Confidential Information marked "Confidential-Attorneys Eyes Only" shall not be disclosed to any employees, officers, directors or any other person having a permanent physical office in the facilities of a party.

(iii) Consultants and experts for each of the parties specifically engaged by counsel or the parties to assist in this litigation, who are not potential fact witnesses in this action. Before reviewing Confidential Information, (a) any consultant/expert must sign an undertaking in the form of the attached Exhibit A, (b) a copy of the signed undertaking, a curriculum vitae or resume of the proposed consultant/expert (if one exists), and an identification of any past or present employment or consulting relationship with any party during the past three years must be served on all counsel of record at least ten (10) days before the Confidential Information is shown to such consultant/expert; and (c) no party objects in writing to such disclosure within those ten (10) days. If any such objection is made, it must be in writing and state the reasons for such objection. No disclosure of Confidential Information shall be made to that consultant/expert as to material produced by the objecting party until either: (a) the objecting party does not file

an appropriate motion to exclude the expert/consultant from Confidential Information within seven (7) days of lodging the objection, or (b) the matter is resolved by the Court or upon agreement of the parties.

(iv) The Court and its officers, court stenographers, other persons designated by the Court and outside copy services whose function requires them to have access to material designated as "Confidential Information" under this Protective Order.

6. Notwithstanding Paragraphs 4 and 5 above, any witness may be shown at a deposition, or examined on, any document containing material designated "Confidential Information" if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicates that the document was previously communicated to or from the witness prior to or outside of this litigation, or if the designating party so agrees.

7. In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "Confidential - Counsel's Eyes Only." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party. Absent an agreement between the parties, costs for applying the confidentiality designations shall be born by the designating party.

8. No designation shall be effective unless there is placed or affixed on such material a "Confidential - Counsel's Eyes Only" or "Confidential Information" marking. Testimony

1399360

given at a deposition and the resulting transcript may be designated as "Confidential Information" by an appropriate statement at the time of the giving of such testimony.

9. Discovery material produced without the designation of "Confidential - Counsel's Eyes Only" or "Confidential" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in paragraphs 4 and 5 of this Order.

10. If Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must promptly, upon becoming aware of the disclosure, notify the designating party or non-party of the unauthorized disclosure and make every effort to prevent further disclosure.

11. Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

12. Nothing in this Order shall bar or otherwise restrict any counsel of record from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his examination of documents or information designated Confidential provided, however, in rendering such advice and in otherwise communicating with his clients, the counsel of record shall not disclose the content or the source of such information or documents contrary to the terms of this Order.

13. A party or non-party that challenges a designation by a designating party may move the Court to de-designate any material. The challenging party shall bear the burden of establishing the need to de-designate any challenged designation.

14. Within 60 days after the conclusion of this case, including any appeals, all Confidential Information designated and produced hereunder, and all copies thereof, shall be returned to the producing party or opposing counsel shall certify in writing that such material has been destroyed, except that counsel of record shall have the right to retain one copy of the Confidential Information to complete their own files.

15. This Protective Order applies to pretrial and discovery phases of this Action. No "Confidential Information" shall be filed in the public record of this action, without either prior approval of the designating party or order of this Court.

16. The restrictions set forth in any of the preceding paragraphs, including paragraph 5, shall not apply to information or material that:

(i) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order;

(ii) is acquired by the non designating party from a third party having the right to disclose such information or material; or

(iii) was lawfully possessed by the non designating party prior to the entry by the Court of this Protective Order.

1399360

17. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

SO ORDERED.

Dated: December 3, 2008

United States District Judge

AGREED BY THE PARTIES:

Frederick L. Tolhurst
Cohen & Grigsby, P.C
Of Counsel for SolarWorld AG, SolarWorld California, Inc. and SolarWorld Industries America LP

Robert A. Rowan
Nixon & Vanderhye, P.C.
Of Counsel for Colorado Instruments, Inc. d/b/a/ Solar World

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Colorado Instruments, Inc., d/b/a Solar World a corporation of Colorado <br><br> Plaintiff, <br><br> v. <br><br> SolarWorld AG a corporation of The Federal Republic of Germany <br><br> SolarWorld California, Inc. a corporation of California <br><br> SolarWorld Industries America LP a limited partnership of Delaware <br><br> Defendants. | Civil Action No. 1:08-cv-01230-RPM |

## AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I, _____, having been retained by _____ in connection with the above-captioned lawsuit hereby acknowledge that I am about to receive Confidential Information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

I certify my understanding that the Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Order. I hereby agree to be bound by the terms of the Order. I clearly understand that the Confidential Information and my copies or

notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I will return on request all materials containing Confidential Information, copies thereof, and notes that I have prepared relating thereto, to trial counsel for the party by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

_____

Printed Name:_____ Date:_____

Company Name/Address/Phone:

_____

_____

_____

406872_2

1